UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHARON A. HARDER,

    Plaintiff,

  v.                                                Case No. 09-C-893

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

    Defendant.

**ORDER**

      The Commissioner has moved for a remand of this action under sentence four of 42 U.S.C. § 405(g) so that the ALJ can make a specific finding that Plaintiff would require "little, if any, vocational adjustment . . . in terms of tools, work processes, work settings or the industry." SSR 82.41(4)(c). The ALJ determined that Plaintiff acquired work skills from her past relevant work as a registered nurse and nursing supervisor that were transferable to the job of Registrar-Nurses' Registry (DOT 187.167-034). But the ALJ did not apparently determine that Plaintiff would require "little, if any" vocational adjustment, and the regulations require such a finding. According to the Commissioner, "Although it is a reasonable inference that Plaintiff's prior work as a registered nurse and supervising nurse involve work skills transferrable to the job of Registrar- Nurses' Registry, pursuant to the policy behind 82-41, the ALJ must also explicitly identify the transferable work skills and make a finding that little vocational adjustment is required. SSR 82-41(b)."

      Plaintiff opposes the remand because she asserts the record shows she is clearly entitled to benefits. She asserts that there is no way the ALJ could conclude that she could perform the work of "Registrar - Nurses' Registry" with only "little" adjustment. By way of brief background, Plaintiff's past

work included a job as a registered nurse in a hospital and a nursing supervisor in a prison. The job of Registrar - Nurses' Registry involves the following:

> Directs registry services for NURSES, PRIVATE DUTY (medical ser.) according to regulations established by state or district professional nurses' association: Maintains roster of nurses available for duty. Refers nurses in response to requests. Keeps record of number and type of calls received. Analyzes problems of registry to render more efficient service and operations. Informs registrants of new and revised requirements and regulations. May assist in recruiting nurses for emergencies. May be responsible for financial administration of registry.

(Pls. Br. at 3-4.)

Plaintiff asserts that she has never worked in the private duty context, nor has she worked with regulations or with means of keeping tabs on nurses available for duty. As such, the inescapable conclusion must be that it would be a more-than-"little" adjustment for her to assume the job of Registrar - Nurses' Registry.

I do not find that conclusion "inescapable," however. Plaintiff's objections appear overly technical and formalistic, and it seems just as likely that the matters with which Plaintiff lacks direct experience are fairly mundane, bureaucratic or administrative matters to which someone with experience as a nursing supervisor (especially in a state prison) might well be able to adjust rather easily. It will suffice to say that I cannot resolve the matter at this stage, and the request for a remand therefore appears appropriate.

Plaintiff asks that if I do order the remand requested by the Commissioner, I find that the Commissioner waived several points Plaintiff argued in her brief because the Commissioner has not filed a brief in this action. But the Commissioner moved for a remand *in lieu* of briefing the merits of the appeal. I am not aware of any authority that would allow me to find waiver under these circumstances. To the extent Plaintiff is concerned that a limited remand might be viewed by the ALJ as an implicit affirmance of all of the ALJ's other conclusions, Plaintiff is correct that such is not this Court's intent.

In granting the remand on the point addressed above, I am simply giving the ALJ another opportunity to make an explicit finding in accordance with the SSR's.[1] I have not, in other words, addressed the merits of the appeal at all.

The motion to remand is **GRANTED**; the case is remanded to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Administrative Law Judge will: evaluate the transferability of Plaintiff's acquired work skills consistent with Social Security Ruling 82-41; obtain the expert opinion of a vocational expert; evaluate Plaintiff's credibility in the context of her 2007 and 2008 surgeries; and acquire additional medical opinion evidence to reflect the status of Plaintiff's impairment, given the 2008 hip replacement surgery.

**SO ORDERED** this  20th  day of May, 2010.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge

---

[1] The Commissioner's proposed order proposes that the scope of the remand encompass other matters, as set forth at the end of this order.